

**CARRINGTON**
MORTGAGE SERVICES, LLC
NMLS ID #2600
P.O. Box 3010 | Anaheim, CA 92803

Loan Number: ▬▬▬
Notice Date: 03/24/2021

**Final Loan Modification Agreement**

**Mortgagor Name(s)**
ABBASALI NOURI MOUSSAVI
26 EQUESTRIAN RD
EGG HARBOR TOWNSHIP  NJ 08234

**Property Address:**
26 EQUESTRIAN RD
EGG HARBOR TOWNSHIP  NJ 08234

Dear Mortgagor(s):

Carrington Mortgage Services, LLC, as servicer and authorized agent of WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF UPLAND MORTGAGE LOAN TRUST A (the "Lender"), is offering you this Loan Modification Agreement ("Agreement"), dated 03/24/21, which modifies the term of your existing mortgage loan as described in detail below.

## I. DEFINITIONS

"**Mortgage**" shall mean the mortgage, deed of trust, security deed or other security instrument encumbering the Property and corresponding to the above CMS Loan Number and recorded in the public records of ATLANTIC County.

"**Note**" shall mean the note or other instrument of the same date and secured by the Mortgage.

"**Property**" shall mean the real and personal property described in the Mortgage and located at:

26 EQUESTRIAN RD
EGG HARBOR TOWNSHIP  NJ 08234

"**Balloon Payment**" shall mean a final payment of the aggregate total amount of the current and any prior deferred non-interest bearing principal balance plus the then-outstanding interest bearing principal balance plus all earned interest remaining unpaid and due on the earlier of (i.) the date you sell the property securing the Mortgage, (ii.) the date you refinance the loan, (iii.) the date the loan is paid in full, or (iv.) the Maturity Date

"**Deferment**" shall mean any portion of the unpaid principal balance of the Note and Security Instrument that has been deferred, interest free, and shall only become payable on the earlier of (i.) the date you sell the property securing the Mortgage, (ii.) the date you refinance the loan, (iii.) the date the loan is paid in full, or (iv.) the Maturity Date.

"**Write Off**", as referenced in this agreement, includes any of the following (i.) unpaid and deferred interest, (ii.) deferred principal, (iii.) escrow advances, (iv.) administrative fees, (v.) unpaid late fees, or other costs that have been forgiven and waived from your account and shall not be subject to any collection efforts by CMS.

**CARRINGTON**
MORTGAGE SERVICES, LLC
NMLS ID #2600

P.O. Box 3010 | Anaheim, CA 92803

Loan Number: ▉
Notice Date: 03/24/2021

**Final Loan Modification Agreement**

## II. TERMS AND CONDITIONS

If your representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section III, amend and supplement (i.) the Mortgage on the Property, and (ii.) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **Representations and Covenants.** You certify, represent to Lender, covenant and agree:

    A. You are experiencing a financial hardship, and as a result, (i.) you are in default under the Loan Documents or default is imminent, and (ii.) you do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. At least one of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C. There has been no impermissible change in the ownership of the Property since you signed the Loan Documents. A permissible change would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D. You have provided documentation for **all** income that your household receives;
    E. Under penalty of perjury, all documents and information you have provided to the Lender in connection with this Agreement, including the documents and information regarding your eligibility for the Program, are true and correct;

2. **Acknowledgements and Preconditions to Modification.** You understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section III, the Lender determines that any of the representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.
    B. The Loan Documents will not be modified unless (i.) The Lender receives an executed copy of this Agreement bearing your signature, on or prior to the last business day of the same month in which the Effective Date falls and (ii.) the Modification Effective Date (as defined in Section III) has occurred. You further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if you fail to meet any one of the requirements under this Agreement.
    C. You agree that failure to pay the initial payment due on **05/01/2021** (the "First Payment Due Date") shall be considered a breach of this Agreement and this Agreement will terminate. The Lender shall immediately resume any pending foreclosure action or proceeding. A new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action ("Foreclosure Notices"). You waive any and all rights to receive such Foreclosure Notices to the extent permitted by applicable law.
    D. You have been advised to discuss the ramifications of this Agreement with your attorney and/or tax/financial advisor if any of the following (i.) unpaid and deferred interest, (ii.) deferred principal, (iii.) escrow advances, (iv.) administrative fees, (v.) unpaid late fees, or other costs have been forgiven and waived from the account and shall not be subject to any collection efforts by CMS.



### III. MODIFICATION TERMS

If your representations and covenants in Section II.1 continue to be true in all material respects and all preconditions to the modification set forth in Section II.2 have been met, the Loan Documents will automatically become modified on **04/01/2021** (the "Modification Effective Date"). You agree to and understand the following:

A. The Maturity Date of your modified loan is **11/01/2055**.

B. The new interest bearing principal balance of your loan is **$199,396.19** ("Modified Balance").

C. Interest at the rate of **3.00000%** will begin to accrue on your loan as of **04/01/2021**.

D. The new total monthly payment including principal, interest, property taxes, hazard insurance, and any other applicable escrow items is **$1,684.46** and is due on **05/01/2021**

E. Unpaid amounts totaling **$89,330.08** were added to your modified principal balance which included unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, less any amounts paid to the Lender but not previously credited to your Loan.

F. **$77,196.19** of your unpaid principal balance has been deferred ("New Deferment"). The New Deferred Principal Balance remains non-interest bearing and shall become due and payable as a Balloon Payment on the earlier of: (i.) the date you sell the property securing the Mortgage, (ii.) the date you refinance the loan, (iii.) the date the entire loan is paid in full, or (iv.) the Maturity Date.

G. If your loan was previously modified and the terms of such modification included a prior deferment of non-interest bearing unpaid principal balance, the prior non-interest bearing deferred unpaid principal balance is taken into consideration when calculating the new modified interest bearing principal balance. Our records indicate that you had a prior deferment of non-interest bearing unpaid principal balance in the amount of **$77,196.19** ("Prior Deferment(s)").

H. **$0.00** will be written off which constitutes a forgiveness of debt and you will not be required to repay this amount.

| CURRENT LOAN TERMS | |
|---|---|
| Interest Rate | 4.37500 |
| P&I Payment | $837.48 |
| Escrow Payment | $1,093.80 |
| Total Monthly Payment | $1,931.28 |
| Contractual Due Date | 12/01/20 |
| Principal Balance | $187,262.30 |
| **Prior Deferred Principal Balance | $77,196.19 |
| Total Principal Balance | $264,458.49 |

| MODIFIED LOAN TERMS | |
|---|---|
| Interest Rate | 3.00000 |
| P&I Payment | $713.81 |
| *Escrow Payment | $970.65 |
| Total Monthly Payment | $1,684.46 |
| 1st Payment Due Date | 05/01/21 |
| Unpaid Amounts | $89,330.08 |
| Modified Balance | $199,396.19 |
| New Deferred Principal Balance | $77,196.19 |
| New Principal Balance | $276,592.38 |
| Balloon Payment | $119,968.85 |

*Escrow payments may be adjusted periodically in accordance with applicable law and therefore your total monthly payment may change accordingly. If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage and can either be paid in a lump sum in the amount of **$0.00** when the loan is modified or over the next 60-months in the amount of **$0.00** per month which has already been included in the above Escrow Payment amount.

**CARRINGTON**
MORTGAGE SERVICES, LLC
NMLS ID #2600
P.O. Box 3010 | Anaheim, CA 92803

Loan Number: ███
Notice Date: 03/24/2021

**Final Loan Modification Agreement**

\*\*Any non-interest bearing unpaid principal balance that was previously deferred has been added to the interest bearing unpaid principal balance and taken into consideration when calculating current Loan Modification terms.

### IV. ADDITIONAL AGREEMENTS AND LEGAL NOTICES

1. You agree to the following:

   A. You will be in default if you do not comply with the terms of the Loan Documents, as modified by this Agreement.

   B. By accepting this Loan Modification your credit score may be adversely affected. The impact of a permanent modification on a credit score depends on your entire credit profile. For more information, please visit: http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

   C. The modified interest rate and principal and interest portion of your modified payment will remain fixed until the original Maturity Date of your loan.

   D. If you still owe any amounts under the Loan Documents due to any applicable Deferment and/or increase in the amortization period, you will be responsible to pay those amounts as a Balloon Payment.

   E. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   F. Any fees and/or expenses incurred in connection with servicing your loan that may be legally charged to your account, but have not been charged to your account as of the Modification Effective Date, may be charged to your account at a later date and shall be your responsibility to pay in full. For example, if your loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to your account as of the Modification Effective Date; you will remain liable for any such costs, fees and/or expenses.

   G. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that you previously entered into with Lender or any prior lender.

   H. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including your agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of your Loan.

   I. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and you have been advised of the amount needed to fully fund your escrow account.

   J. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   K. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and you will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

L. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

M. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give you notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which you must pay all sums secured by the Mortgage. If you fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on you.

N. That, as of the Modification Effective Date, you understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of your property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

O. You understand that you are not required to waive or release any claims and/or defenses in connection with this Agreement

P. That you will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and notwithstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

Q. That you will execute such other documents as may be reasonably necessary to either (i.) consummate the terms and conditions of this Agreement; or (ii.) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. You understand that either a corrected Agreement or a letter agreement containing the correction will be provided to you for your signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If you elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

R. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

S. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, you will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. All documents the Lender requests of you under this Section shall be referred to as "Documents." You agree to deliver the Documents within ten (10) days after you receive the Lender's written request for such replacement.



T. That the mortgage insurance premiums on your Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which you may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

U. If you are currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by CMS to impose personal liability under the Note and Deed of Trust/Mortgage. Pursuant to 11 U.S.C. Section 524(j), and in the ordinary course of business between the Lender and you, this Agreement is entered into in order to seek or obtain periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive your personal liability under the Note and Deed of Trust/Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage. The Lender does, however, retain the right, despite the discharge, to enforce its security interest against the Subject Real Property by foreclosing in the event of a future default.

In Witness Whereof, the Lender and you have executed this Agreement.

CARRINGTON MORTGAGE SERVICES, LLC As servicer and duly authorized agent for
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF UPLAND MORTGAGE LOAN TRUST A

By: _____
As Attorney in Fact

_____5/20/21_____
Date
Terrence Morley, Director, Loss Mitigation
Carrington Mortgage Services, LLC, Attorney in Fact

By: _____
Attorney in Fact
MAY 24 2021
Date

_____A-Nouri Mou_____
ABBASALI NOURI MOUSSAVI

_____5/20/2021_____
Date

_____
_____
Date

[Space Below This Line For Acknowledgement]



**CARRINGTON**
MORTGAGE SERVICES, LLC

P.O. Box 3010
Anaheim, CA 92803

Date: 03/24/21

Loan Number:

# LOAN MODIFICATION AGREEMENT
# BALLOON PAYMENT DISCLOSURE

*Notice: Read Before Signing Your Loan Documents*

Property Address: 26 EQUESTRIAN RD  EGG HARBOR TOWNSHIP  NJ 08234

The Loan Modification Agreement ("Agreement") provides for Term Extension (as defined below) and/or deferral of a portion of the principal balance of your Note.

The modified principal balance of your Note will be $276,592.38 (the "New Principal Balance") of which $77,196.19 shall be deferred (the "Total Deferred Principal Balance"). If your loan was previously modified, this Total Deferred Principal Balance includes prior deferment in the amount of $0.00 plus the New Deferred Principal Balance in the amount of $77,196.19. You will not be required to pay interest or make monthly payments on the Total Deferred Principal Balance. The New Principal Balance minus the Total Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $199,396.19. Interest at the rate of 3.00000% will begin to accrue on the Interest Bearing Principal Balance as of 04/01/2021.

This Agreement provides for 415 monthly payments of principal and interest, with the initial monthly payment in the amount of $713.81. This monthly payment is calculated using a 480-month amortization period from the effective date of this Loan Modification (referred to herein as "Term Extension") while the modified principal balance of your Note and all accrued and unpaid interest must be paid in full no later than the Maturity Date of your original Note. Assuming that all of the monthly payments have been paid exactly on the date that each payment is due, a final balloon payment of the then-outstanding Interest Bearing Principal Balance plus all accrued interest remaining unpaid plus the Total Deferred Principal Balance, which is a total sum of approximately $119,968.85 shall become due and payable on 11/01/2055 (the "Maturity Date").

The amount of Total Deferred Principal Balance and any other amounts still owed under your Loan Documents will result in a balloon payment fully due and payable upon the earliest of: (i) the date you sell the property securing the Mortgage, (ii) the date you refinance the loan, (iii) the date the entire loan is paid in full, or (iv) the Maturity Date.

If you make a partial prepayment of principal, the Lender may apply that partial prepayment first to the Total Deferred Principal Balance before applying such partial prepayment to the Interest Bearing Principal Balance or any other amounts due.

**DO NOT SIGN ANY LOAN DOCUMENTS IF YOU HAVE ANY OUTSTANDING QUESTIONS ABOUT YOUR LOAN PAYMENTS OR THIS BALLOON PAYMENT DISCLOSURE**

THIS LOAN IS PAYABLE IN FULL AT MATURITY OR EARLIER IF ANY ONE OF THE EVENTS DESCRIBED ABOVE OCCURS. YOU MUST REPAY THE ENTIRE INTEREST BEARING PRINCIPAL BALANCE PLUS ALL ACCRUED AND UNPAID INTEREST THEN DUE PLUS THE TOTAL DEFERRED PRINCIPAL BALANCE. UNLESS OTHERWISE EXPRESSLY DISCLOSED IN THE AGREEMENT, THE LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WHO IS WILLING TO LEND YOU THE MONEY. IF THIS LENDER, OR ANY OTHER LENDER, AGREES TO REFINANCE THIS LOAN, YOU MAY BE REQUIRED TO PAY THE THEN-PREVAILING INTEREST RATE, WHICH MAY BE HIGHER OR LOWER THAN THE INTEREST RATE SPECIFIED IN THE AGREEMENT. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN, EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.



P.O. Box 3010
Anaheim, CA 92803

Loan Number: ███

ACKNOWLEDGEMENT (ALL BORROWERS MUST SIGN AND DATE):

I/We have read and hereby acknowledge receipt of the above notice concerning the balloon payment provisions of the Agreement.

I/We will execute such other documents as may be reasonably necessary to correct the terms and conditions of this Disclosure if an error is detected after execution of this Disclosure. I/We understand that a corrected Disclosure will be provided to me/us for my/our signature. At Lender's option, this Disclosure will be void and of no legal effect upon notice of such error. If I/we elect not to sign a corrected Disclosure, the terms of the Agreement shall continue in full force and effect, such terms will not be modified by this Disclosure.

_A. Nouri Mousm_ (Date) 5/20/21
ABBASALI NOURI MOUSSAVI

_____ (Date) _____